# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BINAIFER K. DAVID, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV409-081 |
| CHRISTINA POULOS, Director, USCIS; HILLARY CLINTON, USA Secretary of State; ERIC HOLDER, US Attorney General, HONORABLE JOSEPH POMPER, USA Consul General, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Upset with various federal government officials over the pace and disposition of their immigration visa applications, Binaifer K. David and Chandrakant A. Patel attempted to jointly file a pro se "Petition for Extraordinary Relief In the Nature of a Writ of Mandamus Motion to Reconsider original I-120 Immigrant Petition for Relative (Spouse) Visa." Doc. 1 at 8. In a complaint bearing both their names as captioned plaintiffs (the Clerk docketed only David as plaintiff because only she signed the complaint and addressed the Court's filing fee), they asked

this Court to "[r]eview evidence in the form of affidavits and issue Plaintiff Patel an Immigrant Visa that is long overdue." *Id* They thus sought judicial review of United States Citizenship and Immigration Services' ("USCIS") actions on their visa applications. *Id.*[1]

While the Court in its last Order granted David leave to proceed in forma pauperis (IFP), doc. 3, Patel neither signed the complaint nor moved for leave to proceed IFP. Noting that courts normally bar "IFP-piggybacking" in multiple-plaintiff *inmate* cases, doc. 3 at 3, the Court recognized that these plaintiffs are not inmates, and that joint plaintiffs who otherwise meet Fed. R. Civ. P. 20(a)'s joinder requirements routinely file cases in this Court while paying just one filing fee. *Id.*[2]

---

[1] Judicial review cases include *Bello-Camp v. Attorney General*, 2009 WL 813146 at * 2 (M.D.Fla. Mar. 26, 2009) (unpublished) ("In accordance with the provisions of 8 U.S.C. § 1447(b), if the USCIS fails to render a decision on a naturalization application within 120 days of the naturalization examination, the applicant may apply to the United States District Court in the district in which the applicant resides for a hearing on the matter."), and *Shamdeen v. Gonzales*, 2007 WL 1217702 at * 1 (W.D.Wash. Apr. 23, 2007) (unpublished) (invoking 8 U.S.C. § 1447(b) jurisdiction to review 120-day naturalization application process).

[2] Too, "[i]n proceedings involving multiple plaintiffs, [an IFP] motion . . . made by one plaintiff cannot be denied merely because other plaintiffs will not sign an affidavit of poverty. *Adkins v. E. I. DuPont DeNemours & Co.*, 335 U.S. 331, 340 (1948)." *Khattab El v. U.S. Justice Dep't*, 1988 WL 5117 at * 1 (E.D.Pa. Jan. 22, 1988) (unpublished).

So, the Court gave both David and Patel 20 days to: (a) file an amended complaint bearing Patel's signature; and (b) submit from Patel either the $350 filing fee or a properly supported IFP petition. *Id.* at 5.

Not only has Patel failed to respond, but David herself has filed a letter asking the Court to dismiss his case. Doc. 4. In that no answer has been filed, this qualifies as an F. R. Civ. P. 41(a)(1)(A)(i) dismissal, which requires no Court order. Yet, the Clerk has not closed this case. Accordingly, the Clerk shall **DISMISS** the complaint **WITHOUT PREJUDICE**, *see* Rule 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice"), and close this case.

**SO ORDERED** this 25th day of August, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**